IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : CASE NO. 5:24-CR-34 (MTT) |
| | : |
| ARIEL E. COLLAZO RAMOS | : |
| | : |
| | : |

**PROTECTIVE ORDER LIMITING THE DISCLOSURE OF DISCOVERY MATERIALS**

For the reasons stated in the Government's Motion for a Protective Order to Limit Disclosure of Discovery Materials filed on June 12, 2024, **IT IS HEREBY ORDERED** pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure that:

1. As used herein the term "defense team" shall constitute: Defendants, defense counsels, co-counsels, and paralegals, investigators, litigation support personnel, and secretarial staff working for defense counsel.

2. As used herein the term "defense attorney" shall constitute: defense counsels, co-counsels, and paralegals, investigators, litigation support personnel, and secretarial staff working for defense counsel. The term "defense attorney" does NOT include the defendant.

3. As used herein, the term "discovery materials" shall pertain to all materials provided by the Government in discovery in the above captioned case.

4. The discovery materials in the above captioned case may be reviewed in full by the defense team, and if necessary, may be used in the trial of this case. However, the defense team is restricted from sharing the discovery materials outside the defense team. Defendant is prohibited from possessing the discovery materials when not with defense counsel.

5. The defense team may also review the discovery materials with any expert witness that may be necessary in the preparation of Defendant's defense. However, the defense team must limit the discovery materials provided to any expert witness to those necessary for the expert witness to perform his or her work. The defense team must also take care in sharing these materials to ensure that no Personally Identifiable Information (PII) is given to the expert witness.

6. The defense team may disclose the discovery materials to any witness it deems necessary in the preparation of the Defendant's defense. However, such witness may not be provided a copy of the discovery materials, but may only review them while in the presence of defense counsel or any co-counsel, paralegal, investigator, litigation support person, or secretary of defense counsel. The defense team must also ensure that any PII has been redacted before showing the discovery material to such witness.

7. The discovery materials may also be disclosed and provided to the Court (including by filing and making use of exhibits) in connection with the proceedings in the criminal case. It shall be the responsibility of any party filing discovery materials to ensure that all PII has been redacted.

8. If any Defendant or his or her counsel desires to disclose or make available the discovery materials to any person not described in this ORDER or for any purpose other than the defense of the criminal case, they must seek relief the Court.

9. This ORDER shall survive the final termination of this criminal case, to include any appeal, and upon termination of this criminal case, counsel for the Defendant shall return all copies of the discovery materials to the Government that is not a matter of public record at the time (*i.e.*, trial exhibits or other publicly-filed exhibits or documents), or shall certify that said documents have been destroyed.

10.  The ORDER is subject to modification upon appropriate motion.

**SO ORDERED**, this 14th day of June, 2024.

                                          S/ Marc T. Treadwell
                                          MARC T. TREADWELL, JUDGE
                                          UNITED STATES DISTRICT COURT