IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) CASE NO. 5:24-cr-34 (MTT) |
| | ) |
| ARIEL E. COLLAZO RAMOS, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**ORDER**

Defendant Ariel E. Collazo Ramos moves the Court to dismiss the indictment brought forth against Ramos pursuant to the First Amendment of the United States Constitution. For the following reasons, that motion (Doc. 28) is **DENIED**.

**I. STANDARD**

Federal Rule of Criminal Procedure 7(c)(1) requires an indictment to be a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). Under Federal Rule of Criminal Procedure 12(b)(3)(B)(v), an indictment is defective and may be dismissed before trial if it fails to state an offense. Fed. R. Crim. P. 12(b)(3)(B)(v). "[A]n indictment may be dismissed where there is an infirmity of law in the prosecution; a court may not dismiss an indictment, however, on a determination of facts that should have been developed at trial." *United States v. Torkington*, 812 F.2d 1347, 1354 (11th Cir. 1987). In other words, pretrial dismissal is appropriate if the factual allegations in an indictment—viewed in the light most favorable to the government—cannot satisfy the elements of the charged offense. *Id.*

## II.  DISCUSSION

Ramos has been charged with Mailing Threatening Communications pursuant to 18 U.S.C. § 876(c). According to the statute:

> Whoever knowingly so deposits or causes to be delivered as aforesaid, any communication with or without a name or designating mark subscribed thereto, addressed to any other person and containing any threat to kidnap any person or any threat to injure the person of the addressee or of another, shall be fined under this title or imprisoned not more than five years, or both.

18 U.S.C. § 876(c).  "To obtain a conviction under 18 U.S.C. § 876(c), the government must prove beyond a reasonable doubt that the defendant (1) knowingly sent a message through the mail, (2) knew that the mailing contained a 'true threat,' and (3) intended (or at least knew) that the statement would be viewed as a threat." *United States v. Curtin*, 78 F.4th 1299, 1305 (11th Cir. 2023).

"True threats" are not protected by the First Amendment of the United States Constitution.  *Virginia v. Black*, 538 U.S. 343, 359 (2003).  True threats are "statements where the speaker means to communicate a serious expression of an intent to commit an act of unlawful violence."  *Id*.  A prohibition on true threats, such as § 876(c), "protects individuals from the fear of violence and from the disruption that fear engenders."  *Id*. at 360 (internal citations omitted).  Courts have consistently held that "whether a communication is a threat is an issue of fact to be left to the jury."  *United States v. Taylor*, 972 F.2d 1247, 1251 (11th Cir. 1992); *United States v. Davis*, 854 F.3d 1276, 1293 (11th Cir. 2017).  However, "[i]f there is no question that a defendant's speech is protected by the First Amendment, the court may dismiss the charge as a

matter of law." *United States v. Viefhaus*, 168 F.3d 392, 397 (10th Cir. 1999) (*citing United States v. Malik*, 16 F.3d 45, 51 (2d Cir. 1994)).

Determining whether a threat constitutes a true threat requires both an objective and subjective inquiry. *See Elonis v. United States*, 575 U.S. 723, 751 (2015); *Counterman v. Colorado*, 600 U.S. 66, 67 (2023). A true threat must contain an objective threat, meaning a communication that "'a reasonable observer would construe as a threat to another.'" *Elonis*, 575 U.S. at 751 (quoting *United States v. Jeffries*, 692 F.3d 473, 478 (6th Cir. 2021). The Supreme Court, resolving a circuit split, clarified the subjective inquiry in *Counterman v. Colorado*, 600 U.S. 66 (2023). In *Counterman*, the Supreme Court held that a recklessness standard—i.e., a showing that the defendant "'consciously disregard[ed] a substantial [and unjustifiable] risk that the conduct will cause harm to another'"—is the appropriate mens rea in true threat cases. 600 U.S. at 79 (quoting *Voisine v. United States*, 579 U.S. 686, 691 (2016)). Thus, a true threat requires, at minimum, a mental state of recklessness. *Id*.

The indictment alleges that Ramos made the decision to mail a threatening, handwritten postcard to the home address of a Rabbi who had been speaking publicly against antisemitism following a neo-Nazi demonstration at her synagogue. Doc. 1 at 1-2. The indictment further alleges that Ramos mailed the postcard shortly after the Rabbi spoke before the Georgia Senate Judiciary Committee in support of a bill defining antisemitism. *Id*. at 2. The postcard contained the handwritten statement, "Is there a child rape, torture, and murder tunnel under your house? We have the Zyklon B. Use code 'GASTHEJEWS' for 10% off!" *Id*. Finally, the indictment alleges that Ramos "knowingly caused [the postcard] to be delivered by the Postal Service" and "sent the

communication for the purpose of issuing a threat, and with the knowledge that the communication would be viewed as a threat." *Id*. at 4.

The question is whether the indictment sufficiently alleges facts that, viewed in the light most favorable to the government, satisfy the elements of § 876(c)—that Ramos "1) knowingly sent a message through the mail, (2) knew that the mailing contained a 'true threat,' and (3) intended (or at least knew) that the statement would be viewed as a threat." *See Curtin*, 78 F.4th at 1305.  Ramos argues that "the indictment does not identify a statement that could be construed as a threat." Doc. 34 at 2.  The Court disagrees.  Based on the facts alleged, a reasonable person could construe the handwritten message "We have the Zyklon B … GASTHEJEWS" mailed to the Rabbi's home address as a threat.[1]  Doc. 1 at 2-4.  Therefore, this issue must be left to the finder of fact.  Similarly, the indictment's allegations, viewed in the light most favorable to the government, allege Ramos consciously disregarded a substantial and unjustifiable risk that his conduct will cause harm to another.[2]  Namely, the indictment alleges that Ramos "d[id] more than make a bad mistake," as the court in *Counterman* puts it—he "sent the communication for the purpose of issuing a threat."[3] Doc. 1 at 4.

---

[1] *See Elonis*, 575 U.S. at 751.  *See also United States v. Fleury*, 20 F.4th 1353, 1365 (11th Cir. 2021) (["A] threat "worded in the present tense … evidences an intent to intimidate and place the recipient of the message in fear of bodily harm or death."); *United States v. Daughenbaugh*, 49 F.3d 171, 174 (5th Cir. 1995) ("The plain language of the letters was sufficient to place a reasonable recipient in apprehension.  The mode of communication—private letter—is the typical means for delivery of threats.")

[2] *See Counterman*, 600 U.S. at 79.

[3] *Counterman*, 600 U.S. at 80 ("[R]eckless defendants have done more than make a bad mistake.  They have consciously accepted a substantial risk of inflicting serious harm.")

### III. CONCLUSION

In sum, the indictment sufficiently alleges an objective threat and, at minimum, a mental state of recklessness. Accordingly, Ramos' motion to dismiss the indictment (Doc. 28) is **DENIED**.

**SO ORDERED**, this 27th day of September, 2024.

S/ Marc T. Treadwell<br>
MARC T. TREADWELL, JUDGE<br>
UNITED STATES DISTRICT COURT